UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANETTE MARIE HARRINGTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. |
| JP MORGAN CHASE BANK, N.A., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes LANETTE MARIE HARRINGTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of JP MORGAN CHASE BANK, N.A. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 35 year old person residing at 2940 N. Mengle Avenue, Apartment B, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a National Banking Association organized under the laws of the United States with its principal place of business at 270 Park Avenue, New York, New York. Defendant is a foreign company that conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

## FACTS SUPPORTING CAUSES OF ACTION

8. During 2015, Plaintiff closed a checking account with Defendant after a dispute arose over the cashing of a check. *See* attached Exhibit A is a true and correct copy of an affidavit.

9. After the closure of Plaintiff's checking account, Defendant began to place automated calls to her cellular telephone (312) XXX-1150. *See* Exhibit A.

10. Defendant's automated calls started in approximately September 2015 and came from (313) 962-8595. *Id.*

11. During the automated calls, Plaintiff experienced a brief pause before a representative of Defendant would get on the phone. *Id.*

12. After Plaintiff answered, Defendant claimed that she owed money related to her closed checking account. *Id.*

13. Plaintiff advised Defendant that she disputed owing any money. She went on to demand that Defendant cease calling her. *Id.*

14. Despite her request, Plaintiff has received no less than 20 additional calls from Defendant seeking payment.

15. Faced with the realization that Defendant would not cease contacting her despite requests to do so, Plaintiff authorized Sulaiman to bring the instant proceedings.

16. Plaintiff has suffered financial loss as a result of Defendant's actions.

17. Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including overage charges and loss of cellular phone capacity.

18. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions.
.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

22. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is indicative that an ATDS was being used.

23. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

24. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

25. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LANETTE MARIE HARRINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

28. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

29. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

30. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, calling as many as four times during the same day. Plaintiff specifically told Defendant that she disputed owing any money to it. However, Defendant ignored Plaintiff's prompts and continued to seek payment from her.

31. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

32. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

33. As pled in paragraphs 14 through 19, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, LANETTE MARIE HARRINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 30, 2016                  Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com